# SUPREME JUDICIAL COURT

#### FOR THE

## COUNTY OF WORCESTER, OCTOBER TERM 1858, AT WORCESTER.

───────

**PRESENT :**

HON. LEMUEL SHAW, CHIEF JUSTICE.
HON. CHARLES A. DEWEY,  ⎤
HON. THERON METCALF,   ⎟
HON. BENJAMIN F. THOMAS, ⎬ JUSTICES.
HON. PLINY MERRICK,    ⎦

───────

## COMMONWEALTH *vs.* PATRICK McGAHEY.

If a prisoner, lawfully arrested without a warrant by order of a justice of the peace, for an assault committed in his presence, escapes, a constable may be ordered by the justice without a warrant to pursue and retake the offender; and, after demand and refusal of admission, may break doors for the purpose.

An assault upon a constable by one whom he is arresting without a warrant by order of a justice of the peace for an offence committed in the justice's presence may be alleged to be an assault upon the constable in the discharge of his official duty.

INDICTMENT for assault and battery upon Daniel I. Thayer, a constable of the town of Blackstone, while in the discharge of his duties as such.

At the trial in the court of common pleas before *Bishop*, J., it appeared that the defendant committed an assault upon Caleb Carr, in Blackstone, in presence of a justice of the peace, and

others who were directed by the justice to arrest the defendant and did so; that while the defendant was struggling to free himself, the justice went for Thayer's assistance, and the defendant meanwhile broke away and escaped and went to his father's house ; that the justice returned with Thayer and went to the house, and heard no noise inside ; that Thayer demanded admittance, which being refused, at the direction of the justice he broke open the door and went in and found the defendant lying on a bed, and told him that he was an officer, and proceeded without a warrant to arrest him, and the assault complained of was then committed.

The defendant asked the court to instruct the jury that Thayer had no authority under the circumstances to order the arrest. But the court ruled that he had a right to take the defendant, if required by the justice to do so.

The defendant also asked the court to instruct the jury that Thayer had no authority to act under the circumstances as a constable, and that the offence was an assault upon Thayer while aiding the magistrate to make the arrest, and not an assault on an officer in the discharge of his duty ; and that therefore there was a variance between the indictment and the proof.   But the court refused so to rule.   The defendant being convicted alleged exceptions.

*G. F. Verry,* for the defendant.   As the offence was not committed in the constable's presence, he had no authority to make the arrest without a warrant, by virtue of his office.   *Coupey* v. *Henley,* 2 Esp. R. 540.   1 Archb. Crim. Pl. (Waterman's ed.) 26, 27.   *Commonwealth* v. *Hastings,* 9 Met. 259.   Nor by reason of the request of the magistrate.   Rev. Sts. *c.* 85, § 27.   An officer cannot arrest for a misdemeanor after it is over, upon complaint of another without a warrant.   D. Davis's Justice, (Heard's ed.) 78.   2 Hawk. *c.* 12.

If the magistrate could lawfully direct the arrest, Thayer was acting at the time as his assistant, and not as a constable. *Commonwealth* v. *Field,* 13 Mass. 321.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

METCALF, J. This bill of exceptions does not show any error in the trial of the defendant. It is the opinion of the court that Thayer, the constable, was lawfully called on by the justice to take the defendant into custody, and that he was lawfully acting as constable, when the defendant assaulted and beat him.

The Rev. Sts. *c.* 85, § 27, provide that " every justice of the peace may, as a conservator of the peace, upon view of any affray, riot, assault or battery, within his county, without any warrant in writing, command the assistance of every sheriff, deputy sheriff and constable, and of all other persons present, for suppressing the same, and for arresting all who are concerned therein." Such also is the common law. 2 Hale P. C. 86. 4 Bl. Com. 292.

An escape by a prisoner lawfully arrested warrants the retaking of him, on fresh pursuit, and the breaking of doors for that purpose, after demand and refusal of admittance. 1 Chit. Crim. Law, 61. And we do not doubt that a justice of the peace has the same authority to command assistance in pursuing and retaking an offender whom he has caused to be arrested for an offence committed in his presence, and who has escaped, which he has to command assistance in making the original arrest.

The case of *Coupey* v. *Henley*, 2 Esp. R. 540, cited by the defendant's counsel, shows this only ; namely, that the constable could not have lawfully arrested the defendant, without a written warrant, if he had not been required so to do by the justice in whose presence the defendant committed an assault and battery on Carr. There are other authorities to the same effect. 2 Gabbett Crim. Law, 147, 148.          *Exceptions overruled.*